TIMOTHY J. YOO (State Bar No. 155531)
DAVID B. GOLUBCHIK (State Bar No. 185520)
JULIET Y. OH (State Bar No. 211414)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails: tjy@lnbrb.com; dbg@lnbrb.com; jyo@lnbrb.com

Proposed Attorneys for Debtor and Debtor in Possession

FILED & ENTERED

JUN 29 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

HARVARD GRAND INVESTMENT, INC.,

    Debtor and Debtor in Possession,

) Case No.: 2:10-bk-31833-BR
)
) Chapter 11 Case
)
) **ORDER: (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**
)
) Hearing:
) Date: June 29, 2010
) Time: 2:00 p.m.
) Place: 255 East Temple Street
)        Courtroom 1668
)        Los Angeles, CA 90012

1

A continued hearing was held on June 29, 2010, at 2:00 p.m., before the Honorable Barry Russell, United States Bankruptcy Judge, to consider the Motion (the "Motion") For Order (A) Approving Compromise Of Controversy Between Debtor And Secured Creditor; (B) Authorizing The Sale ("Sale") Of Substantially All Of The Debtor's Assets (the "Assets") Free And Clear Of Liens, Claims, Encumbrances And Interests; (C) Authorizing The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases (the "Contracts"); And (D) Granting Related Relief, filed by Harvard Grand Investment, Inc., a California corporation, the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Debtor").  Appearances were as set forth on the Court's record.

After carefully reviewing the Motion and such other matters in the file as the Court deemed appropriate, after receiving and weighing the testimony and other evidence offered at the hearing on the Motion, after hearing the statements and representations of counsel and all persons who desired to be heard at the hearing on the Motion, and after considering such other and further matters as the Court deemed appropriate, the Court hereby

**ORDERS AND DECREES AS FOLLOWS:**

1. The Motion is granted.

2. As evidenced by the declarations of service previously filed with this Court, proper, timely, adequate and sufficient notice of the Motion and the hearing thereon and the proposed Sale has been provided in accordance with 11 U.S.C. §§ 102(1) and 363 and Bankruptcy Rules 2002, 6004 and 6005, and no other or further notice of the Motion, the hearing or of the entry of this order is required.

3. Each and every term and provision of this Order shall be binding in all respects upon the Debtor, the Debtor's bankruptcy estate, its creditors, and all entities holding an interest

1  in the Debtor, including, without limitation, any entity purporting to hold an Interest in the

2  Assets.

3      4.    The Asset Purchase Agreement (the "APA"), an executed copy of which has

4  been submitted as an attachment to that certain "Submission Of Executed Asset Purchase

5  Agreement," filed with this Court on June 25, 2010, and all of the terms and conditions thereof

6  are hereby approved.

7      5.    The Debtor has demonstrated that approval of the APA and the sale of the Assets

8  contemplated thereunder is in the best interests of the estate and its creditors.  The Debtor has

9  advanced good and sufficient business justification supporting the sale of the Assets pursuant to

10  11 U.S.C. § 363(b), as set forth in the Motion and at the hearing thereon, and it is a reasonable

11  exercise of the Debtor's business judgment.  Pursuant to 11 U.S.C. § 363(b), the Debtor is

12  authorized and directed to consummate the Sale pursuant to and in accordance with the terms

13  and conditions of the APA.

14      6.    The APA was negotiated, proposed and entered into in a non-collusive, good

15  faith, "arm's-length" manner by the Debtor and Carson Hotel, LLC ("Purchaser").

16      7.    The sale of the Assets in accordance with the terms of the APA constitutes the

17  highest and best proposal for the Assets received by the Debtor.

18      8.    The Debtor is authorized and directed to execute and deliver, and is empowered to

19  perform under, consummate and implement, the APA, together with all additional instruments

20  and documents that may be reasonably necessary or desirable to implement the APA, including,

21  without limitation, all other agreements that the parties may enter into to effectuate a transition of

22  the business operations to Purchaser, and to take all further actions as may be requested by

23  Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to

Purchaser or reducing to possession, the Assets, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

9. Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 363(f), the Assets shall be transferred to Purchaser and, as of the Closing Date, shall be free and clear of all liens, claims, interests and encumbrances (excluding (a) any real property taxes and easements relating to the Hotel and (b) at the sole discretion of Purchaser, Interests held by Purchaser as the holder of that certain Promissory Note dated on or about September 26, 2007 in the original principal amount of $22,260,000 (the "Note") in favor of Shinhan Bank America, (the "Bank") secured by a security interest in all of the assets of the Debtor pursuant to a Commercial Security Agreement dated on or about September 26, 2007 between Debtor and the Bank, and a deed of trust on the real property underlying the Hotel, recorded in the property records of the County of Los Angeles as document number 20072238021 (the "Deed of Trust") (collectively, "Interests"), with all such Interests of any kind or nature whatsoever attaching to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Assets, subject to any claims and defenses, if applicable, the Debtor may possess with respect thereto. Those holders of Interests who did not object to the Motion are deemed to have consented pursuant to 11 U.S.C. § 363(f)(2). Those holders of Interests who did object are adequately protected by having their Interests, if any, attach to the proceeds of the Sale, with the same validity and priority as existed prior to the sale.

10. Except as expressly permitted or otherwise specifically provided by the APA or this Order, all persons and entities (including, but not limited to, all equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors) holding Interests of any kind or nature whatsoever in or against the Debtor or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or

subordinated), arising under, out of, in connection with, or in any way relating to the Debtor or the Assets, the operation of the Debtor's business prior to the Closing Date, or the transfer of the Assets to Purchaser, shall be and hereby are forever barred and estopped from asserting against Purchaser, its successors or assigns, its property, or the Assets, such persons' or entities' Interests.

11. The transfer of the Assets to Purchaser pursuant to the APA constitutes a legal, valid and effective transfer of the Assets, and shall vest Purchaser with all right, title and interest of the Debtor in and to the Assets free and clear of all Interests of any kind or nature whatsoever, and the assertion of any such Interests in or against the Assets shall be and hereby is prohibited.

12. At Closing, Purchaser shall pay the Purchase Price, as described and in a manner provided under the APA.

13. The Contracts assumed by the Debtor and assigned to Purchaser at Closing, pursuant to this Order, shall consist of those Contracts designated by Purchaser pursuant to that certain Notice of Executory Contracts and Unexpired Leases To Be Assumed and Rejected, as such Contracts may be modified by Purchaser designating the addition or deletion of Contracts pursuant to and in accordance with the APA.

14. Pursuant to 11 U.S.C. §§ 105(a) and 365, and subject to and conditioned upon the further terms of this Order and the Closing of the Sale, the Debtor's assumption and assignment to Purchaser on the terms set forth in the APA, of all Contracts is approved, and the requirements of 11 U.S.C. § 365(b)(1) with respect thereto are deemed satisfied.

15. Except as provided in this Order, the Debtor is hereby authorized and directed, in accordance with 11 U.S.C. §§ 105(a) and 365, to (a) assume and assign to Purchaser, effective upon the Closing of the Sale, all Contracts free and clear of all Interests of any kind or nature

whatsoever, and (b) execute and deliver to Purchaser such documents or other instruments as may be necessary to assign and transfer such Contracts to Purchaser.

16. The Contracts shall be transferred to, and remain in full force and effect for the benefit of, Purchaser in accordance with their respective terms, notwithstanding any provision in any such Contract that prohibits, restricts, or conditions such assignment or transfer, and, pursuant to 11 U.S.C. § 365(k), the Debtor shall be relieved from any further liability with respect to such Contracts after their assignment to and assumption by Purchaser.

17. All defaults or other obligations of the Debtor under the Contracts arising or accruing prior to the date of this Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in 11 U.S.C. § 365(b)(2)) and all compensation for damages with respect to the Contracts (the "Cure Claims") shall be cured at the Closing of the Sale in the amounts set forth in Exhibit "D" to the Motion, and Purchaser shall have no liability or obligation arising or accruing with respect to Cure Claims.

18. Each non-Debtor party to a Contract is hereby forever barred and estopped from asserting against the Debtor, Purchaser, the Assets, or the property of either of them, any default existing as of the Closing Date or, as against Purchaser, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor with respect to the Contract. Subsequent to the Closing, no claims other than Cure Claims may be asserted against the Debtor with respect to the Contracts.

19. The failure of the Debtor or Purchaser to enforce, at any time, one or more terms or conditions of any Contract shall not be a waiver of such terms or conditions, or of the Debtor's and Purchaser's rights to enforce every term and condition of the Contracts.

20. Any objections to Cure Amounts (the "Cure Amount Objections") with respect to a particular Contract shall be resolved as follows:

   (a) The Contract shall be assumed and assigned to Purchaser immediately upon the Closing;

   (b) Within thirty (30) days after the Closing, the Debtor and the non-Debtor party to each such Contract shall attempt to negotiate a resolution of the dispute (the "Negotiation Phase");

   (c) If the parties are unable to resolve their dispute during the Negotiation Phase, either party may request the Court to set the objection for hearing before the Court on no less than fourteen (14) days notice.

  21. The consideration provided by Purchaser for the Assets under the APA constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the State of California.

  22. The consideration provided by Purchaser for the Assets under the APA is fair and reasonable and the Sale may not be avoided under 11 U.S.C. § 363(n).

  23. On the Closing Date of the Sale, each holder of an Interest shall execute such documents and take all other actions as may be necessary to release such Interest, if any, in the Assets and to give Purchaser clear title to the Assets.  If any holder of an Interest fails or refuses to do so, Purchaser is hereby granted a lifetime power of attorney to act on such creditor's behalf, but only to the extent necessary to take any such action.

  24. This Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Assets prior to the Closing have been unconditionally released, discharged and terminated (other than the Assumed Liabilities), and that the conveyances described herein have been effected, and (b) shall be binding upon and shall govern the acts of all entities including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Assets.

25. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

26. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests in the Assets shall not have delivered to the Debtor, prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests which the person or entity has with respect to the Assets, then (a) the Debtor is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Assets and (b) Purchaser is authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Assets of any kind or nature whatsoever.

27. All entities who are presently, or on the Closing Date may be, in possession of some or all of the Assets are hereby directed to surrender possession of the Assets to Purchaser on the Closing Date.

28. Except as otherwise specifically provided herein or in the APA, Purchaser shall have no liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Assets. Without limiting the generality of the foregoing, and except as

otherwise specifically provided herein and in the APA, Purchaser shall not be liable for any claims against the Debtor, or any of its predecessors or affiliates, except as set forth in the APA as Assumed Liabilities, and Purchaser shall have no successor or vicarious liabilities of any kind or character, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the transfer of the Assets or the operation of the Debtor's business prior to the Closing Date.

29.     Under no circumstances shall Purchaser be deemed a successor of, or to, the Debtor for any Interest in or against the Debtor or the Assets, of any kind or nature whatsoever. The sale, transfer, assignment and delivery of the Assets shall not be subject to any Interests, and Interests of any kind or nature whatsoever shall remain with, and continue to be obligations of, the Debtor.  All persons holding Interests in or against the Debtor or the Assets, of any kind or nature whatsoever, shall be and hereby are forever barred and estopped from asserting, prosecuting, or otherwise pursuing such Interests against Purchaser, its property, its successors and assigns, or the Assets with respect to any Interests of any kind or nature whatsoever such person or entity had, has, or may have in or against the Debtor, its estate, officers, directors, shareholders or the Assets.  Following the Closing Date, no holder of any Interests in or against the Debtor shall interfere with Purchaser's title to, or use and enjoyment of, the Assets based on or related to such Interests.

30.     Notwithstanding anything to the contrary contained in this Order or the APA, before or concurrently with the closing of the Sale, the Purchaser or the Debtor shall pay HLT Existing Franchise Holding, LLC ("HLT") or its designee the sum of $198,389.49 by wire transfer in full and complete satisfaction of any and all claims by HLT against the Debtor and the

bankruptcy estate, subject to the following terms and conditions: (a) the Sale shall not constitute an assumption and assignment of, or a transfer of any rights under, the Franchise License Agreement dated September 28, 2007 between the Debtor and HLT, or any other purported agreement between HLT and the Debtor; (b) the Debtor is hereby deemed to waive and release any claims by itself or the bankruptcy estate against HLT under the Bankruptcy Code or otherwise; (c) the closing of the Sale and the payment of HLT's claim under this paragraph shall occur on or before July 2, 2010, unless HLT expressly agrees otherwise in writing; and (d) after the closing of the Sale, the Purchaser shall have no right to use any of HLT's trademarks or intellectual or other property rights without HLT's express written agreement, which HLT may grant or deny in its sole and absolute discretion.

31.   The compromise of controversies set forth in the APA, and all of the transactions contemplated thereby, are approved in their entirety pursuant to Bankruptcy Rule 9019 as complying with all factors set forth in Martin v. Kane (*In re* A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied 479 U.S. 854 (1986).

32.   This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the APA, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction (a) to compel delivery of the Assets to Purchaser, (b) to resolve any disputes arising under or related to the APA, (c) to interpret, implement, and enforce the provisions of the Order, (d) to resolve any and all Contract Assumption Objections, and (e) to protect Purchaser against any Interests in or against Purchaser or the Assets, of any kind or nature whatsoever.

33.   Nothing contained in any plan of reorganization confirmed in this case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of

the APA or the terms of this Order. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order which may be entered converting the Debtor's case from Chapter 11 to a case under Chapter 7 of Title 11.

34. The transactions contemplated by the APA are undertaken by Purchaser in good faith, as that term is used in 11 U.S.C. § 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Purchaser, unless the Closing of the Sale is duly stayed pending such appeal. Purchaser is a purchaser in good faith of the Assets, and is entitled to all of the protections afforded by l1 U.S.C. § 363(m).

35. The terms and provisions of the APA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate, its creditors and equity security holders, Purchaser, and its respective affiliates, designees, successors and assigns, and any affected third parties including, but not limited to, all persons asserting Interests in the Assets to be sold to Purchaser pursuant to the APA, notwithstanding any subsequent appointment of any trustee(s), examiner or similar person under any chapter of the Bankruptcy code, as to which trustee(s), examiner or other such person such terms and provisions likewise shall be binding.

36. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the APA be authorized and approved in its entirety. To the extent any provision of the APA is inconsistent with the terms of this Order, the terms of this Order shall govern.

37. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any

11

such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

38. As provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry, and, as authorized by Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed.

39. The provisions of this Order are non-severable and mutually dependent.

40. Except as provided in the APA, this Order or any other order of this Court, the Debtor and its estate shall have no further liabilities or obligations with respect to the Assumed Liabilities after the Closing, and all holders of such claims are forever barred and estopped from asserting such claims against the Debtor, its successors or assigns, its property or its assets.

**IT IS SO ORDERED.**

# # #

DATED: June 29, 2010

_____
United States Bankruptcy Judge

| In re HARVARD GRAND INVESTMENT, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NO 2:10-bk-31833-BR |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **ORDER: (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 29, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

N/A                                             ☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **June 29, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.                                           ☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 29, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**VIA ATTORNEY MESSENGER DELIVERY**
Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street, Ctrm 1668
Los Angeles, CA  90012                          ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| June 29, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

13

| In re HARVARD GRAND INVESTMENT, INC.<br><br>Debtor(s). | CHAPTER 11<br>CASE NO 2:10-bk-31833-BR |
|---|---|

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER: (A) APPROVING COMPROMISE OF CONTROVERSY BETWEEN DEBTOR AND SECURED CREDITOR; (B) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 29, 2010** the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

* Russell Clementson    russell.clementson@usdoj.gov
* Jeffrey W Dulberg    jdulberg@pszjlaw.com
* Philip A Gasteier    pag@lnbrb.com
* David B Golubchik    dbg@lnbrb.com
* Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
* Penelope Parmes    pparmes@rutan.com
* United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
* Michael R Williams    mwilliams@fwtrl.com, wmills@fwtrl.com

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Harvard Grand Investment, Inc.
2 Civic Plaza Drive
Carson, CA 90745

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9021-1.1**